| | |
|---|---|
| TRACEY TERRELL GRADY, ) ) Plaintiff, ) ) vs. ) ) D. ROGERS, et al., ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the following motions:

1. The Motion to Revoke Plaintiff's IFP Status and Dismiss filed by Defendants Burns, Cathey, Dennis, Orlando,[1] Fultz (nee Grooms), Keziah, Kimball, McSheehan, Panek, Purser, Rogers, Strickland and Younts [Doc. 24];

2. The Motion to Stay Pending a Decision on Defendant Motion to Reconsider and Revoke Plaintiff's IFP Status and Dismiss (the "Motion to Stay") filed by Defendants Adcock, Boitnot, Burns, Cathey, Dennis, Orlando, Eubanks, Greenley, Grooms, Hamilton,

---

[1] Defendant Orlando is referred to as "Officer Dorlando" in the Amended Complaint. [Doc. 14 at 9]. The Clerk will be instructed to correct this Defendant's name in the Court's docket.

Hodgeson, Keziah, Kiker, Kimball, Knotts, Knox, Martin, McSheehan, Panek, Philemon, Purser, Rogers, Rucker, Strickland, and Younts [Doc. 30]

3. The Motion to Dismiss filed by Defendant Rucker [Doc. 34]; and

4. Several pro se Motions filed by the Plaintiff [Docs. 26, 28, 39, 40, 43].

I. BACKGROUND

The incarcerated Plaintiff Tracey Terrell Grady ("Grady" or simply, "the Plaintiff") filed this pro se action on October 26, 2020[2] pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Union County Jail ("UCJ") while he is a pretrial detainee. The Amended Complaint passed initial review on claims: against Defendants Eubanks, Grooms, Hamilton, Kiker, Knox, and McSheehan for the use of excessive force; against Defendant Martin for failure to intervene; against Defendants Dennis and Rogers for failure to protect; against Defendants Orlando, Eubanks, Keziah, Knotts, Martin, Philemon, and Purser for deliberate indifference to a serious medical need; against Defendants Burns, Orlando, Keziah, Martin,

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to a § 1983 case).

2

Strickland, and Younts for due process violations; against Defendants Burns, Eubanks, Kiker, Kimball, Knotts, Martin, Purser, and Younts for interference with the mail; against Defendants Adcock and Panek for conspiracy; against Defendants Dennis, Orlando, Keziah, Martin, Philemon and Purser for equal protection violations; and against Defendants Adcock, Cathey, Dennis, Martin, and Rogers for supervisory liability, and the Court exercised supplemental jurisdiction over the Plaintiff's claims of assault and battery and negligence under North Carolina law. [Doc. 18: Order on Initial Review]. The Amended Complaint did not pass initial review as to Defendant Rucker. [Id. at 27]. The Plaintiff seeks compensatory and punitive damages, injunctive relief, and a jury trial. [Doc. 14: Amended Complaint].

Defendants Adcock, Burns, Cathey, Dennis, Orlando, Eubanks, Grooms, Hamilton, Keziah, Kiker, Kimball, Knotts, Martin, McSheehan, Panek, Philemon, Purser, Rogers, Rucker, Strickland, and Younts have been served [Docs. 44-45], and filed an Answer on March 2, 2022 [Doc. 38].

Defendants Burns, Cathey, Dennis, Orlando, Fultz (nee Grooms), Keziah, Kimball, McSheehan, Panek, Purser, Rogers, Strickland and Younts then moved to revoke Plaintiff's IFP status and to dismiss. [Doc. 24]. Defendant Rucker filed a separate motion to dismiss. [Doc. 34]. The Court notified the Plaintiff of the opportunity to respond to each of these Motions

3

[Docs. 25, 37: Roseboro[3] Orders], and the Plaintiff filed Responses [Docs. 27, 31, 41: MTD Responses]. The moving Defendants have filed Notices indicating that they do not intend to reply. [Docs. 29, 42: Notices]. Having been fully briefed, these matters are ripe for disposition.

## II. DISCUSSION

### A. Defendant Rucker's Motion to Dismiss

Defendant Rucker asks the Court to dismiss him from this action because the Amended Complaint did not pass initial review against him.[4] [Doc. 34-1]. He asserts that the dismissal should be with prejudice because the Plaintiff disregarded the Court's Order on initial review that dismissed him from the case, which caused him to bear the additional cost and expense of moving for a dismissal that had already been granted. [Id.].

In response to Rucker's Motion, the Plaintiff filed a Response explaining that he "willfully withdraws his summons filed in error…." [Doc. 41 at 1]. He asks that the dismissal of Rucker be without prejudice because service was a "simple error or mistake" that was caused by his rush to complete the summons forms and return them to the Court. [Id. at 2].

---

[3] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[4] Defendant Rucker also moves for dismissal on the grounds of insufficient service under Fed. R. Civ. P. 12(b)(4). The Court need not, however, reach this argument.

4

The parties agree that Defendant Rucker was erroneously served and should be dismissed from this action. The question remains, however, whether that dismissal should be with or without prejudice. Rule 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order…," and this dismissal may be with prejudice. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). In exercising its discretion to dismiss with prejudice, a district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a "drawn out history of deliberately proceeding in a dilatory fashion;" and (4) the effectiveness of sanctions less drastic than dismissal. Id. at 70 (quoting McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976)). Here, the claims asserted by the Plaintiff in the Amended Complaint were dismissed on initial review without prejudice. The Plaintiff, who is pro se, asserts that his service of Defendant Rucker was an innocent mistake, and he promptly acknowledged as much upon Rucker's filing of the instant Motion to Dismiss. The Court therefore will dismiss the action against Defendant Rucker without prejudice.

### B. Defendants' Motion to Revoke IFP Status and to Dismiss

Defendants Cathey, Rogers, Dennis, Kimball, Purser, Burns, Orlando, Fultz (nee Grooms), Keziah, McSheehan, Panek, Strickland and Younts argue that the Plaintiff's IFP status should be revoked and that the Amended Complaint should be dismissed as barred by the three-strikes provision of § 1915(g), or alternatively, that he should be denied IFP status pursuant to § 1915(a) because he is an abusive litigant. [Doc. 24]. These arguments will be addressed in turn.

#### 1. Section 1915(g)

The Prison Litigation Reform Act's (PLRA) three-strikes rule "generally prevents a prisoner from bringing suit in forma pauperis (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C. § 1915(g)). Any of the enumerated types of dismissals counts as a strike, "whether [the dismissals are] with prejudice or without." Id. However, the Supreme Court has stated that dismissal with leave to amend where there is a chance that amendment can cure a complaint does not count as a strike because, "[i]n that event, because the suit continues, the court's action falls outside of Section 1915(g)

and no strike accrues." Id. at 1725, n.4.  A summary judgment dismissal counts as a strike if it "explicitly deems the terminated action frivolous, malicious, or failing to state a claim…." Blakely v. Wards, 738 F.3d 607, 617 (4th Cir. 2013).  To avoid application of the three-strikes bar, a prisoner must demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The moving Defendants argue that federal courts have dismissed at least four of the Plaintiff's prior cases—Case Nos. 5:16-cv-3026-FL (E.D.N.C.), 5:16-cv-41-FDW (W.D.N.C.), 5:15-cv-130-FDW (W.D.N.C.), and 5:18-cv-3241-FL (E.D.N.C.)—and thus he should be prohibited from proceeding in this action without prepaying the filing fee.  The Court agrees that Case Nos. 5:16-cv-3026-FL (E.D.N.C.) and 5:15-cv-130-FDW (W.D.N.C.) count as "strikes" because they were dismissed on initial review as frivolous or malicious and/or for failure to state a claim.  In the other two cases, however, the complaints were dismissed for failure to state a claim and the Plaintiff was granted leave to amend.[5]  Therefore, the dismissals of Case Nos. 5:16-cv-41-FDW (W.D.N.C.) and 5:18-cv-3241-FL (E.D.N.C.) are

---

[5] In Case No. 5:16-cv-41-FDW (W.D.N.C.), the District Court dismissed on initial review and the Fourth Circuit remanded to allow the Plaintiff to amend.  In Case No. 5:18-cv-3241-FL (E.D.N.C.), the District Court granted the Plaintiff leave to amend in the Order on initial review.  The Plaintiff did not amend in either case.

7

not "strikes" pursuant to § 1915(g). See Lomax, 140 S.Ct. at 1725 n.4. The Court therefore concludes that the Plaintiff did not have three "strikes" for the purposes of § 1915(g) when he initiated the instant lawsuit. Accordingly, the moving Defendants' motion to dismiss on this ground is denied.

### 2. Section 1915(a)

Federal courts "may authorize" a litigant to prosecute or defend a civil action without paying the usual required fees if the litigant submits an affidavit containing a statement of the litigant's assets and demonstrating that she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). A district court thus has the discretionary authority to grant or deny an application to proceed in forma pauperis. Clarke v. Richmond Behav. Health Auth., 402 F. App'x 764, 766 (4th Cir. 2010). This discretion is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (quoting Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). "In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Id. (quoting Ellis v. United States, 356 U.S. 674 (1958)).

The Defendants argue that the Court should exercise its discretion to deny the Plaintiff's IFP status pursuant to § 1915(a) in light of his "endless stream of frivolous and malicious lawsuits." [Doc. 24-13 at 13]. The Defendants note that the Plaintiff has filed several cases that passed initial review, only to be dismissed on summary judgment: Case Nos. 5:16-ct-3285-BO (E.D.N.C.), 5:17-ct-3039-M (E.D.N.C.), 5:17-ct-3211-FL (E.D.N.C.), 5:17-ct-3268-M (E.D.N.C.), and 5:16-ct-3027-DC (E.D.N.C.). The summary judgment orders in Case Nos. 5:17-ct-3268 and 5:16-ct-3027 warrant individual discussion.

Case No. 5:17-ct-3268 passed initial review on claims that prison staff failed to prevent another inmate from assaulting the Plaintiff, provided him deliberately indifferent medical treatment afterwards, and conspired to deprive him of access to the courts.[6] The action was dismissed on summary judgment because the Plaintiff's version of events regarding failure to protect and access to the courts were "so utterly discredited by the record that no reasonable jury could believe him…," and his claims regarding access to the

---

[6] The Plaintiff also claimed that he was hindered from initiating criminal charges regarding the assault. It is unclear why this claim was allowed to pass initial review. See 28 U.S.C. § 1915(e)(2)(B)(ii). The court found, on summary judgment, that the claim "fails" because there is no constitutional right to commence an investigation or bring criminal charges. [5:17-ct-3268, Doc. 81 at 8].

9

courts and deliberate indifference to a serious medical need were "belie[d]" by the record. [Case No. 5:17-ct-3268, Doc. 81 at 8-9, 14].

In Case No. 5:16-ct-3027, the action passed initial review on claims that prison staff used excessive force and that he received deliberately indifferent care following the incident.[7] The defendants argued on summary judgment that the Plaintiff had failed to exhaust his administrative remedies. In opposition to the defendants' motion for summary judgment, the Plaintiff submitted a document that purported to be a grievance. The court noted, however, that this document bore "none of the hallmarks of an actual grievance received at Warren CI"; for instance, it misspelled the correctional officer's name who purportedly signed it. [Case No. 5:16-ct-3027, Doc. 81 at 4]. The district court further found that the Plaintiff's argument that the prison failed to forward his grievances after he was transferred to another prison was "belie[d]" by the record. [Id. at 6]. The Fourth Circuit affirmed the dismissal because the district court had "properly rejected the contention [that prison officials thwarted his exhaustion efforts] as inconsistent with both the record and Grady's earlier version of the facts." [Id. Doc. 87 at 3].[8]

---

[7] Claims of mail mishandling and seeking to commence criminal prosecution were dismissed on initial review.

[8] While not as egregious as the foregoing cases, the other cases filed by the Plaintiff that were dismissed on summary judgment also include findings that certain claims were

The Court has carefully reviewed the Plaintiff's extensive litigation history, including the § 1915(g) strikes outlined above, and the foregoing summary judgment Orders. Based on this review, the Court concludes that the Plaintiff has engaged in a pattern of abusive, frivolous, malicious, and harassing litigation that demonstrates an improper motive and the lack of good faith. The Court is unwilling to overlook his extensive history of abusing the privilege of proceeding in forma pauperis. Accordingly, the Court will exercise its discretion to revoke the Plaintiff's authorization to proceed in forma pauperis, and will dismiss this action without prejudice pursuant to § 1915(a).

### C. Other Pending Motions

The Court will now address several other pending Motions. First, the Defendants' Motion to Stay [Doc. 30], and the Plaintiff's Motions for additional time to complete service of process [Docs. 26, 28], are denied as moot in light of this action's dismissal.

The Plaintiff moves for the appointment of counsel in this case. In light of the dismissal of this action, the Plaintiff's motion is now moot. In any event,

---

supported by "no evidence" [Case No. 5:16-ct-3285, Doc. 102 at 10-14; Case No. 5:17-ct-3039, Doc. 46 at 6; Case No. 5:17-ct-3211, Doc. 49 at 8-9], and were "belie[d]" by the record [Case No. 5:16-ct-3285, Doc. 102 at 10, 12].

11

the Plaintiff has failed to demonstrate the existence of "exceptional circumstances" that would warrant the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

The Plaintiff also has filed a Letter to the Clerk of Court, which is construed as a motion, seeking copies of "all 20 summon[ses] mail[ed] in" on the grounds that jail officials are allegedly tampering with his incoming and outgoing legal mail. [Doc. 40 at 1]. A litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress...."). The Court will instruct the Clerk to mail the Plaintiff a copy of the docket sheet, which includes notations for the issuance of summonses and service returns, as a courtesy. The Plaintiff may pay for the copies he seeks at the standard rate of $.50 per page. See https://www.ncwd.uscourts.gov/court-fees.

Finally, the Plaintiff has filed a "Motion for a Protective Order and … a Safety Transfer…." [Doc. 43]. He asks to be transferred away from UCJ "to ensure liberty and fundamental fairness under the Fourteenth Amendment and the Due Process Clause…." [Id. at 1]. He asserts that he is being retaliated against for having filed this lawsuit and that he fears for his safety.

12

He further reiterates various allegations that are pending in another § 1983 action before this Court, Case No. 3:22-cv-135.[9] He asks the Court to investigate the matter, transfer him to another jail, and prohibit the Defendants from having any contact with him.[10] [Doc. 43 at 3-4].

The Plaintiff's complaints about the UCJ fail to establish the elements that would warrant preliminary injunctive relief. Further, the Motion appears to be an improper, piecemeal attempt to assert new claims that are duplicative of the Complaint in Case No. 3:22-cv-135. The "Motion for a Protective Order and … a Safety Transfer…." is, therefore, denied.

## IV. CONCLUSION

For the reasons stated herein, the Court will grant the Motion to Dismiss filed by Defendant Rucker [Doc. 34]; grant the Motion to Revoke Plaintiff's IFP Status and Dismiss [Doc. 24]; deny as moot the Defendants' Motion to Stay [Doc. 30]; and deny the Plaintiff's pro se Motions [Docs. 26, 28, 39, 40, 43].

---

[9] For instance, he alleges that excessive force was used against him on March 25, 2022; that an inmate who previously assaulted him has been moved near his cell despite a keep-away order; and that he has been charged with false disciplinary infractions. [Doc. 43 at 1].

[10] He also asks that the Court appoint counsel to represent him, which is denied for the reasons discussed supra.

13

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Rucker's Motion to Dismiss [Doc. 34] and the Motion to Revoke Plaintiff's IFP Status and Dismiss [Doc. 24] are **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

2. The Motion to Stay Pending a Decision on Defendants' Motion to Reconsider and Revoke Plaintiff's IFP Status and Dismiss [Doc. 30] is **DENIED AS MOOT**.

3. The Plaintiff's pro se Motions [Docs. 26, 28, 39, 40, 43] are **DENIED**.

4. **IT IS FURTHER ORDERED** that the Clerk is respectfully instructed to mail the Plaintiff copies of the Court's docket sheet and this Order; to substitute in the Court's record "Officer D. Orlando" for "FNU Dorlando; and to close this case.

**IT IS SO ORDERED.**

Signed: May 18, 2022

Martin Reidinger
Chief United States District Judge