IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00601-MR

| | |
|---|---|
| **TRACEY TERRELL GRADY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **D. ROGERS, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court sua sponte.

The incarcerated pro se Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 in October 2020. [Doc. 1]. He moved to proceed in forma pauperis. [Doc. 2]. On December 29, 2020, the Clerk entered an Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account until the $350 filing fee was paid in full. [Doc. 10]. On May 18, 2022, the Court exercised its discretion to revoke the Plaintiff's authorization to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and dismissed the action without prejudice. [Doc. 47]. The Fourth Circuit Court of Appeals affirmed. Grady v. Rogers, 2022 WL 17750714 (4th Cir. Dec. 19, 2022).

On May 10, 2024 the Plaintiff filed the instant pro se "Motion for Reconsideration of the Filing Fee Order to Strike Fees Taken by Jail Staff in Excess from Plaintiff Account Upon Appeal of the Order in Legal Objection" [Doc. 55]. He asks the Court to "strike all filing fees taken from the Plaintiff['s] Jail Trust Fund account…."[1] [Doc. 55 at 1].

This Motion is construed as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

---

[1] To the extent that the Motion refers to filing fees in other cases, they are not properly raised in the instant case and will not be considered in this action. [See generally Doc. 3 at 2 (Order of Instructions stating that "[a]ll documents filed in the case must include the case number at the top of the first page…."].

2

Case 3:20-cv-00601-MR   Document 57   Filed 06/11/24   Page 2 of 3

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

The Plaintiff will be required to file a Memorandum within 14 days of this Order, explaining why his Rule 60(b) Motion is not time-barred. See generally Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002) (notice and an opportunity to respond should be granted before considering timeliness sua sponte); United States v. McRae, 793 F.3d 392, 401 (4th Cir. 2015) (the Rule 60(b) time limit is an affirmative defense). The Plaintiff's failure to comply will likely result in the denial of the Rule 60(b) Motion without further notice.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall file a Memorandum addressing the timeliness of his Motion within **fourteen (14) days** of this Order. The Plaintiff's failure to comply will likely result in the denial of the Rule 60(b) Motion without further notice.

**IT IS SO ORDERED.**

Signed: June 10, 2024

Martin Reidinger
Chief United States District Judge

3