IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:20-cv-00601-MR

| | |
|---|---|
| TRACEY TERRELL GRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| D. ROGERS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion for Reconsideration of the Filing Fee Order to Strike Fees Taken by Jail Staff in Excess from Plaintiff Account Upon Appeal of the Order in Legal Objection" [Doc. 55; see Doc. 59 (Supporting Memorandum)] and "Motion and Memorandum Filed Pursuant to Fed. R. Civ. P. 60(b) Fed. R. Civ. P. 60(c)" [Doc. 58].

The incarcerated pro se Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 in October 2020. [Doc. 1]. The Plaintiff moved to proceed in forma pauperis. [Doc. 2]. On December 29, 2020, the Clerk entered an Order waiving the initial partial filing fee and directing monthly payments from Plaintiff's inmate account until the $350 filing fee is paid in full. [Doc. 10]. The Amended Complaint passed initial review against several

Defendants, who moved to revoke the Plaintiff's authorization to proceed in forma pauperis because of his abusive litigation history. [Docs. 14, 18, 24]. On May 18, 2022, the Court granted the motion and exercised its discretion to revoke the Plaintiff's authorization to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). [Doc. 47]. The Fourth Circuit Court of Appeals affirmed. Grady v. Rogers, 2022 WL 17750714 (4th Cir. Dec. 19, 2022).

On May 10, 2024, the Plaintiff filed a "Motion for Reconsideration…" in which he asks the Court to "strike all filing fees taken from the Plaintiff['s] Jail Trust Fund account…."[1] [Doc. 55 at 1]. The Court ordered the Plaintiff to file a Memorandum explaining why his Rule 60(b) Motion is not time-barred. [Doc. 57]. He was cautioned that "Plaintiff's failure to comply will likely result in the denial of the Rule 60(b) Motion without further notice." [Id. at 3].

The Plaintiff filed a Memorandum arguing that his Rule 60(b) Motion is not time-barred because:

> [T]here was a legal conspiracy, by Jail staff, … [and] the Jail Staff Attorney, Mr. D. Brandon Christaine illegally coerced, and ordered, a lieutenant … and other Jail Classification staff … to illegally stop all [of Plaintiff's] outgoing and incoming legal mail, denying [him] access to the courts, and legal counsel, … in violation of the Due Process Clause of the Fourteenth Amendment, and the Fourth Amendment….

---

[1] To the extent that the Motion refers to filing fees in other cases, they are not properly raised in the instant case and will not be separately discussed. [See generally Doc. 3 at 2 (Order of Instructions stating that "[a]ll documents filed in the case must include the case number at the top of the first page….")].

2

[Doc. 59 at 1]. He has also filed a "Motion and Memorandum…" arguing misconduct, mail tampering and reprisals; contending that UCJ staff withdrew $434.98 from his jail account in error on May 8, 2024; and seeking a refund of the "excessive" filing fee pursuant to Rule 60(b). [Doc. 58].

Because the Plaintiff seeks to reopen this case more than 28 days after the Judgment was entered, it will be considered under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) permits a court to correct orders and provide relief from judgment under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To prevail under Rule 60(b), a party must party must make a threshold showing of (1) timeliness, (2) meritorious claim, (3) a lack of unfair prejudice

to the opposing party, and (4) exceptional circumstances. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017). The Rule 60(b) one-year filing deadline is an affirmative defense; therefore, a petitioner should be given the opportunity to come forward with evidence that might justify the application of equitable tolling or otherwise establish that his claims are not time-barred before dismissing on timeliness grounds. United States v. McRae, 793 F.3d 392, 401 (4th Cir. 2015). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing id.). A movant seeking relief under the catch-all provision of Rule 60(b)(6) must show that there are "'extraordinary circumstances' justifying the reopening of a final judgment." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950)).

Here, the Plaintiff has failed to demonstrate that his Rule 60(b) Motion was timely filed. His contention that he was unable to file his Motion sooner

4

because of misconduct by jail staff and counsel is belied by his litigation history. The Judgment dismissing the instant case was entered on May 18, 2022. [Docs. 47 48]. The Plaintiff filed pro se pleadings in this and other federal courts during the year that followed including: June 2022 (Fourth Cir. Case No. 22-6643, Doc. 7); July 2022 (3:22-cv-135-MR, Doc. 10); August 2022 (Fourth Cir. Case No. 22-6838, Doc. 5); January 2023 (M.D.N.C. Case No. 1:29-cv-54-CCE-LPA, Doc. 64); and February 2023 (id., Doc. 66). His demonstrated ability to file outgoing legal mail during the year after the Judgment was entered in the instant case contradicts his present contention that he was denied access to the courts, and it is rejected. The Plaintiff has failed to demonstrate that he timely sought relief under Rule 60(b) and his present Motions are, therefore, denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Reconsideration…" [Doc. 55] and "Motion and Memorandum …" [Doc. 58] are **DENIED**.

**IT IS SO ORDERED.**

Signed: July 29, 2024

Martin Reidinger
Chief United States District Judge